UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 20-1639-GW-SKx | | Date | March 29, 2021 |
|---|---|---|---|---|
| Title | *Sergio V. Bernal v. Serco, Inc., et al.* | | Page | 1 of 2 |

Present: The Honorable    **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings:  IN CHAMBERS – ORDER**

Plaintiff Sergio Bernal filed this putative wage and hour class action against Defendant Serco, Inc. in Orange County Superior Court in July 2020.  *See* Complaint, Docket No. 6-1.  Serco removed the case to federal court, arguing that this case fits under Class Action Fairness Act ("CAFA" – 28 U.S.C. § 1332(d)) which gives district courts original jurisdiction over a class action if: (1) it involves 100 or more putative class members; (2) there is minimal diversity; and (3) the amount in controversy exceeds $5 million.  *See* Notice of Removal, Docket No. 1.  Bernal filed a motion to remand.  *See* Docket No. 17.  He did not dispute that the first two CAFA requirements are satisfied; his sole argument is that the amount-in-controversy requirement has not been met.

This Court issued a tentative ruling which indicated that the motion would be grant but eventually took the matter under submission.  *See* Docket No. 25.  Shortly thereafter, Plaintiff filed an amended complaint[1] which the Defendant answered.  *See* Docket Nos. 28, 31.  On March 17, 2021, the Court issued a minute order stating that it "would . . . grant the Motion to Remand for the reasons stated in the Tentative Ruling," but asked the parties for supplemental briefs only on whether the filing of the amended complaint had any effect on the initial ruling.  *See* Docket No. 32.

Plaintiff provided a supplemental brief stating that the filing of the amended complaint had no effect on the tentative ruling since the amended pleading, if anything, merely made the amount of possible recovery even smaller than in the original complaint.  *See* Docket No. 33.  Defendant's supplemental brief took the occasion to merely reargue the merits of the original motion to remand

---

[1] The purpose of the amended complaint was to refine the class definition from the original "Class consisting of all individuals who are or were employed by Defendants in California from July 21, 2016 through the date of trial" and to limit the class definition to non-exempt Parking Enforcement Officers only such that the class would only include "all individuals who are or were employed as Parking Enforcement Officers by Defendants in California from July 21, 2016 through the date of trial."  *See* Docket No. 26 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **SACV 20-1639-GW-SKx** | Date | March 29, 2021 |
| --- | --- | --- | --- |

| Title | ***Sergio V. Bernal v. Serco, Inc., et al.*** | Page | 2 of 2 |
| --- | --- | --- | --- |

and did not address the filing of the amended complaint. *See* Docket No. 34. In allowing the filing of supplement6al briefs, the Court did not seek re-arguments as to the original motion.

For the reasons stated in the tentative ruling and after considering the arguments of counsel at the hearing, the Court grants the motion to remand. The case is forthwith remanded to state court.